## Case No. 11,871.

### The R. L. MAYBEY.

### [4 Blatchf. 439.] [1]

Circuit Court, S. D. New York. Aug. 17, 1860.[2]

COLLISION—DAMAGES—LOSS OF EMPLOYMENT—MEASURE OF LOSS.

1. On a claim for demurrage, in a case of collision, for the loss of employment suffered by the injured vessel while undergoing repairs, speculative and conjectural opinions as to the probability of her employment and the amount of her earnings, if employed, are too uncertain to form a basis of any allowance for the detention.

2. In the case of a tug, the proper inquiry is as to what she could have been chartered for per day, in the business of towing, regard being had to the market price.

[Cited in The May Flower, Case No. 9,345.]

This was an appeal by the claimant from a decree of the district court confirming the report of a commissioner as to the damages in a case of collision.

Erastus C. Benedict, for libellant.

John Van Vleck, for claimant.

NELSON, Circuit Justice. The aggregate of the bills proved, for repairs, &c., is $1,-608.63. The commissioner has reported damages to the amount of $3,262.30. If interest be added, say for five years, from 1st November, 1854, to the date of the report, October 19th, 1859, upon the bills for repairs, &c., which interest is $554.17, it makes the aggregate $2,162.80, which deducted from the amount reported, leaves a balance of $1,-099.50, which must have been allowed for the fourteen days' demurrage.

I am not satisfied that the proofs bring the case, upon the question of damages, within the rule laid down in Williamson v. Barrett, 13 How. [54 U. S.] 101, 111, 112. A good deal of the testimony was general, and turned upon mere opinion as to the probability of employment in the towing business, and the amount of the earnings, if employed. This kind of proof is too speculative and contingent to be the foundation of any rule of damages. It is at best but conjecture. The true question, within the case of Williamson v. Barrett was, what could the tug have been chartered for per day in the business of towing, regard being had to the market price, in the city of New York. This would have brought the question down to some degree of certainty, and afforded ground for an intel-

ligible allowance or not, of the loss which the libellant had actually sustained by the delay during the repairs.

The facts, as left by the examination before the commissioner, are too uncertain to form the basis of any allowance for the detention. They are speculative, conjectural, and mere opinion, to which no limit or rule can be applied, and which can never lay the foundation for the action of a court on this subject. I shall, therefore, strike out the item for demurrage, $1,099.50, and confirm the decree for $2,162.80, costs to be allowed, on the appeal, to neither party, as against the other.

This decision was affirmed by the supreme court on appeal. See Sturgis v. Clough, 1 Wall. [68 U. S.] 269.

_____

R. L. MAYBEY, The. See Cases Nos. 6,333–6,335.

_____

## Case No. 11,872.

### The R. L. STEVENS.

[Cited in The Angelina Corning, Case No. 384. Nowhere reported; opinion not now accessible.]